John C. McNairy, use, etc. vs. George W. Gathings.

1. Contract: *Sale. Delivery of cotton. Case in judgment.*
G. sold to M. 5,000 pounds of lint cotton for $3,000, and promised to gin and bale it, and received the money. M. was to furnish the rope and bagging. M. failed to furnish the bagging and rope, but demanded the cotton. *Held*, that this was an absolute and unconditional contract of sale of 5,000 pounds of lint cotton; that the failure of M. to furnish the rope and bagging deprived him of the right to claim that G. should bale the cotton, but it did not affect his claim on G. to deliver the lint cotton.

Error to the Circuit Court of *Monroe* County.

Hon. B. B. Boone, Judge.

Suit was brought in the circuit court by plaintiff in error on the following receipt:

"Received, Monroe county, October 26, 1864, of J. C. McNairy, three thousand dollars, in full payment for five (5) thousand pounds of lint cotton, to class middlings. The said

McNairy is to furnish the bagging and rope, and I promise to gin and bale, as soon as convenient after gathering my corn. Fifteen hundred in Miss. cotton money, and fifteen hundred in new issue.

[Signed,]                              G. W. Gathings.''

It was proved on the trial, by Gathings' testimony, that he (Gathings) gave notice to McNairy that he had ginned the cotton and had it ready for him ; that McNairy had failed to furnish the bagging and rope.    It was also in proof that McNairy called upon him to fulfill his obligation, but did not do so.

The court gave, among other instructions to the jury, the following for the defendant, to wit :

'' 3. Abandonment of a contract need not be proved by positive and direct testimony, but may be inferred by the jury from facts and circumstances.''

'' 4. If the jury believe from the evidence that Gathings did, as soon as convenient after gathering his corn, gin and have ready for bailing 5,000 pounds lint cotton, of which he in due time notified McNairy, and then requested McNairy to furnish the rope and bagging necessary to bale said cotton, and that McNairy failed and refused, for an unreasonable length of time, to furnish the necessary rope and bagging, and never did furnish them, and never did agree to accept the cotton in an unbaled condition, then they must find for the defendant.''

'' 5. If the jury believe from the testimony that McNairy, in the contract sued on, bound himself to furnish the rope and bagging for baling the cotton before Gathings was bound, in said contract, to bale and deliver said cotton, and if they further believe that McNairy failed to furnish the rope and bagging when so notified, then Gathings cannot be held liable, unless McNairy *afterwards agreed* to accept the cotton in an unbaled condition.''

'' 8. Under the contract sued on McNairy had the right to waive the baling and ginning of the cotton and demand it in

an unbaled condition, but the law imposes on him the necessity of making such demand for *unbaled* cotton and of notifying Gathings that he was willing to accept the cotton unbaled, and unless it is proved that he did so notify Gathings, then he cannot recover damages for unbaled cotton."

The jury found their verdict for defendant. A motion was made for a new trial, which was overruled by the court, and judgment entered, and the case comes to this court upon a writ of error.

The following errors are assigned:

1. The court erred in overruling demurrer to 3d plea to amend declaration.

2. In overruling motion to strike out 9th plea.

3. In permitting Gathings to testify as a witness that "he had notified plaintiff (McNairy) two or three times *that the cotton was ginned and ready for him.*"

4. In giving defendant's 3d, 4th, 5th, and 8th charges.

5. In overruling motion for new trial.

*Sale & Dowd* and *Houston & Reynolds*, for plaintiff in error:

It was error to permit Gathings to testify to a tender of unbaled cotton. He further testifies that the cotton had never been separated from the bulk; that there was at the time in the pick-room *twelve or fifteen bales of 500 lbs. each,* and he had not weighed out the 5,000 pounds. See Chit. on Con., 727, and note 1; ib. 904, 905, and note *k*.

The instructions given for defendant were clearly erroneous. The omission of McNairy to furnish the rope and bagging would not authorize Gathings to keep the money and cotton both, nor to have canceled the trade and refunded the money. See 2 Pars. on Cont. (last ed.), 531, 532, and note *k;* Boon *v.* Eyre, note *a,* in 1 Black. H., 273; 2 Cush., 286, 287, and cases there cited.

The last assignment of error we need not elaborate. If we are correct in any of the positions taken, the court below should have granted a new trial.

*L. Houghton* and *R. Davis*, for defendant in error:

1. There was sale. It was a mere agreement to sell. Story on Sales, §§ 231, 232, 233, 296, 313, 421; 37 Miss., 353; 41 ib., 358.

2. The cotton was separated from the bulk. The covenants were dependent, and no recovery can be had. Story on Con., §§ 27, 28, 29, 32; Chit. on Con. (5th Am. ed.), 737; 13 Johns., 365; 9 Cow., 46; 1 Pars. on Con., 527; 8 ib., 526; 42 Miss., 798; 5 Wis., 125; 21 Pick., 448; 13 Johns., 27; 8 Pick., 287.

3. McNairy abandoned the contract, and Gathings was no longer bound by it. Story on Con., § 31; 9 Cow., 49; 5 Johns., 85; Story on Sales, §§ 415, 424, 448; 37 Miss., 671.

4. After the abandonment the money was permitted to remain in Gathings' hands. He was a mere bailee. 42 Miss., 545.

5. The matters of defense were well pleaded and proved. 1 Tidd's Prac., 646; 1 Chit. Pl., 476, 513, and note *y*.

6. That substantial justice has been done in the case, and a new trial was properly refused. If any errors were committed, they were in favor of plaintiff in error. Powell on App. Jur., 185, § 105; ib. 189, §§ 112, 113; 5 How., 495; 4 Cushman, 282; 40 Miss., 191; 44 ib., 466; 35 ib., 381.

Campbell, J., delivered the opinion of the court.

We think the circuit court erred in allowing Gathings to testify that he notified plaintiff two or three times that the cotton was ginned and ready for him, and in giving the instructions to the jury asked by defendant, numbered 3, 4, 5, and 8, and in refusing the motion of plaintiff for a new trial. The plaintiff is clearly entitled to recover the value of 5,000 pounds of lint cotton, as stipulated in the contract, upon the state of case presented by the record. The action is assumpsit on an instrument of writing in these words and figures, viz.:

"Received, Monroe county, Miss., October 26th, 1864, of J. C. McNairy, three thousand dollars, in full payment for five

(5) thousand pounds of lint cotton, to class middling. The said McNairy is to furnish the bagging and rope, and I promise to gin and bale as soon as convenient after gathering my corn. Fifteen hundred in Miss. cotton money, and fifteen hundred in new issue.

[Signed,]  G. W. GATHINGS."

This is an absolute and unconditional contract of sale of 5,000 pounds lint cotton for $3,000 received in payment for it, and the failure of McNairy to furnish bagging and rope to bale it deprived him of the right to claim that Gathings should bale it, but did not affect his claim on Gathings to deliver the lint cotton. Gathings was called on to fulfill his obligation, and neither did it, nor made any excuse for not doing it, nor did he in his testimony furnish any excuse for not doing it. His repeated notices to McNairy that he had ginned the cotton and had it ready for him were not a discharge from his obligation. If he had set apart 5,000 pounds " lint cotton, to class middlings," and notified McNairy of this and kept it ready for delivery to him, and McNairy had disregarded the notification and the cotton had been stolen or destroyed, a different state of case would be presented; but, as it is, there is disclosed no defense to plaintiff's demand.

The judgment is reversed and the verdict set aside, and cause remanded for a new trial.